IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**MAJOR GRUBBS**                                                                                    **PLAINTIFF**

**versus**                                                              **CIVIL ACTION NO. 5:07cv123-DCB-MTP**

**UNKNOWN GREER**                                                                                   **DEFENDANT**

## REPORT AND RECOMMENDATION

This matter is before the court on the Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment [19]. Having reviewed the submissions of the parties, and the applicable law and being fully advised in the premises, the undersigned recommends that the Defendant's Motion [19] be granted.

### FACTUAL BACKGROUND

Plaintiff Major Grubbs is currently incarcerated in the Federal Medical Center in Butner, North Carolina. On or about January 6, 2006, Plaintiff was sentenced by the United States District Court for the Western District of Tennessee to a term of 120 months for conspiracy to possess with intent to distribute cocaine. Plaintiff's projected release date is October 31, 2014.

Plaintiff, proceeding *pro se*, filed his complaint on or about June 19, 2007. The allegations in Plaintiff's complaint occurred while he was incarcerated in the Federal Correctional Institution ("FCI") in Yazoo City, Mississippi.

Plaintiff alleges that on or about May 1, 2007, Unit Manager Greer assaulted him in the main line at the dining hall. Specifically, Plaintiff claims Defendant Greer questioned him about his shoes, and he informed her that they were regulation boots purchased from another institution. Defendant Greer allegedly told Plaintiff that if his boots were indeed steel toe boots, then it would not hurt when she stepped on his foot. Greer then allegedly "plac[ed] her pointed-high-heel left shoe onto [Plaintiff's] shoe and intentionally press[ed] down with such weight as to

cause pressure from the pointed-heel of her shoe to injure [Plaintiff's] left foot." *See* Declaration [12]. Plaintiff claims he jerked his foot back, and Greer called the Captain over, who witnessed the incident.

Pursuant to the Captain's orders, Plaintiff allegedly went back to his unit and brought his property sheet and commissary receipt from the institution where he purchased the boots, and the boots were listed on both forms. After hearing both sides of the story from Plaintiff and Defendant Greer, the Captain then questioned Plaintiff about his attitude towards staff.

Plaintiff claims that as a result of Defendant's actions, his left foot became swollen and he continued to feel pain for several days. Plaintiff treated his alleged physical injury himself with ice and ibuprofen. *See* Declaration [12]. Plaintiff allegedly still experiences flash-backs of the incident.

Plaintiff seeks $750,000, injunctive and declaratory relief "to end the recurring violations," and costs, interest and fees. Complaint [1] at 12.

Defendant filed her Motion to Dismiss or, in the Alternative, for Summary Judgment [19] on May 19, 2008. Plaintiff failed to respond to the motion, despite an Order [21] from the court directing him to do so.[1]

## STANDARD

Because the Defendant has submitted matters outside the pleadings with her Motion to Dismiss or, in the Alternative, for Summary Judgment [19], the motion should be characterized as a motion for summary judgment. *See* Fed. R. Civ. P. 12(b); *Young v. Biggers*, 938 F.2d 565,

---

[1]Because Plaintiff failed to timely respond to Defendant's motion and the motion could potentially dispose of Plaintiff's claims, the court entered an Order [21] on June 17, 2008, directing Plaintiff to respond to the motion by June 27, 2008. On June 22, 2008, Plaintiff filed a Motion [22] to Appoint Counsel and for an Extension of Time to File Response to Motion. The court denied Plaintiff's motion to appoint counsel, but granted Plaintiff an extension of time until July 15, 2008, to respond to the motion. That deadline has passed and Plaintiff has not responded to the motion.

568 (5th Cir. 1991). This court may grant summary judgment only if, viewing the facts in a light most favorable to Plaintiff, the Defendant demonstrates that there is no genuine issue of material fact and that she is entitled to judgment as a matter of law. *Woods v. Smith,* 60 F.3d 1161, 1164 (5th Cir. 1995). If the Defendant fails to discharge the burden of showing the absence of a genuine issue concerning any material fact, summary judgment must be denied. *John v. Louisiana,* 757 F.2d 698, 708 (5th Cir. 1985). The existence of an issue of material fact is a question of law that this court must decide, and in making that decision, it must "draw inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues." *Id.* at 708, 712.

## ANALYSIS

Plaintiff filed his complaint pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and 28 U.S.C. § 1331.[2] A *Bivens* action mirrors a civil rights action brought under 28 U.S.C. § 1983, the difference being that a *Bivens* action applies to alleged constitutional violations by federal actors, while a Section 1983 action applies to alleged constitutional violations by state actors. *See Izen v. Catalina*, 398 F.3d 363, 367 n.3 (5th Cir. 2005).

Excessive Force

Plaintiff alleges an excessive force claim against Defendant Greer in violation of the

---

[2]Plaintiff claims this is a *qui tam* action brought pursuant to the False Claims Act, 31 U.S.C. §§ 3729 - 3733. "The False Claims Act is designed to permit 'suits by private parties on behalf of the United States against anyone submitting a false claim to the government.'" *U.S. ex rel. Fried v. West Indep. Sch. Dist.*, 527 F.3d 429, 441 (5th Cir. 2008) (quoting *Hughes Aircraft Co. v. U.S. ex rel. Schumer*, 520 U.S. 939, 941 (1997)). A liberal construction of Plaintiff's complaint simply does not contain allegations that fall under the False Claims Act. Rather, Plaintiff's compliant alleges an excessive force claim against Defendant in violation of the Eighth Amendment, and the court will construe his claims as such.

Eighth Amendment.[3]

When prison officials are accused of using excessive force in violation of the Eighth Amendment, "the *core judicial inquiry* is . . . whether force was applied *in a good-faith effort to maintain or restore discipline*, *or maliciously and sadistically to cause harm.*" *Baldwin v. Stalder*, 137 F.3d 836, 838 (5th Cir. 1998) (quoting *Hudson,* 503 U.S. at 7). Some of the relevant objective factors in the inquiry of the application of excessive force include: "1) the extent of the injury suffered; 2) the need for the application of force; 3) the relationship between the need and the amount of force used; 4) the threat reasonably perceived by the responsible officials; and 5) any efforts made to temper the severity of the forceful response." *Baldwin*, 137 F.3d at 838-39 (internal citations omitted). However, the Eighth Amendment's "prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *See Copeland v. Nunan*, 250 F.3d 743, No. 00-20063, 2001 WL 274738, at *2 (5th Cir. Feb. 21, 2001) (quoting *Hudson v. McMillian*, 503 U.S. 1 (1992)) (internal quotations and citations omitted).

Plaintiff alleges that as a result of Defendant's actions, his left foot became swollen and he continued to feel pain for several days. Plaintiff did not seek medical treatment, but rather treated his alleged physical injury himself with ice and ibuprofen. *See* Declaration [12]; Ex. 2 to Motion [19]. Even if Defendant did step on Plaintiff's foot as he alleges,[4] his alleged injury is *de*

---

[3]In his complaint, Plaintiff also makes cursory reference to the Due Process Clause, the Equal Protection Clause, retaliation, negligence, gross negligence, wanton destruction of property, malice, conspiracy, and breach of implied contract. *See* Complaint at 3, 6-7, 12; Response [9]. However, his complaint contains no allegations of fact or explanation to support these claims. As stated above, Plaintiff's complaint alleges an excessive force claim against Defendant in violation of the Eighth Amendment, and the court will construe his claims as such.

[4]The court notes that Defendant Greer denies stepping on Plaintiff's foot, and several Bureau of Prisons ("BOP") employees on duty on the date of the incident declare that they did

4

*minimis*, and does not amount to a constitutional violation. *See Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir. 1997) (affirming dismissal of prisoner's excessive force claim, holding that prisoner's sore bruised ear was *de minimis* injury); *Lee v. Wilson*, 237 Fed. Appx. 965, 2007 WL 2141956, at *1 (5th Cir. July 26, 2007) (affirming dismissal of prisoner's excessive force claim, holding that prisoner's busted lip was *de minimis* injury). Accordingly, Defendant is entitled to judgment as a matter of law.

Policy Violations

Plaintiff alleges that Defendant Greer's actions described above constitute a violation of BOP Program Statement 3420.09(9), which provides in part that BOP employees shall conduct themselves professionally and shall not use brutality or physical violence towards inmates. *See* Complaint at 6.[5]

Even if Defendant did violate Program Statement 3420.09(9), or any other Program Statement, such violation does not rise to the level of a constitutional violation. *See Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986) (holding that the mere failure of a prison official to follow the prison's own regulation or policy does not amount to a constitutional violation)*; McGowan v. Peel*, No. 3:06cv659-DPJ-JCS, 2007 WL 710154, at *1-*2 (S.D. Miss. March 6, 2007); *Bates v. Helman*, 175 F.3d 1019, 1999 WL 160966, at *3 (7th Cir. March 16, 1999) (stating that the BOP's violation of a Program Statement does not rise to the level of a constitutional violation); *see also Ortega v. Maynard*, No. 06-CV-084-HRW, 2006 WL 1877016, at *2 (E.D. Ky. July 6, 2006) (stating that mere violation of a BOP Program Statement or regulation does not implicate the constitution). Accordingly, Plaintiff's allegation that Defendant Greer's conduct violated Program Statement 3420.09(9) fails to rise to the level of a

---

not witness Defendant step on Plaintiff's foot or assault him. *See* Exs. 9-12 to Motion [19-2].

[5] *See also* http://www.bop.gov/DataSource/execute/dsPolicyLoc.

5

constitutional violation.

### Qualified Immunity

Although the Defendant has raised the defense of qualified immunity, "if it becomes evident that the plaintiff has failed to state or otherwise to establish a claim, then the defendant is entitled to dismissal on that basis." *Wells v. Bonner*, 45 F.3d 90, 93 (5th Cir. 1993) (citing *Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991)); *see also Sappington v. Bartee*, 195 F.3d 234, 236 (5th Cir. 1999).  Thus, if the court finds that Plaintiff's claims are not cognizable as constitutional claims, it need not reach the question whether the Defendant is entitled to qualified immunity.  *Wells*, 45 F.3d at 93.

Accordingly, because Plaintiff's allegations fail to establish a constitutional claim, the undersigned does not reach the issue of qualified immunity.[6]

### RECOMMENDATION

For the reasons stated above, it is the recommendation of the undersigned that Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment [19] be granted and that this action be dismissed with prejudice.  Further, the undersigned concludes that Plaintiff's claim is frivolous, and recommends that this dismissal count as a strike for purposes of 28 U.S.C. § 1915(g).  *See Carson v. Holton*, No. 06-11254, 2007 WL 2051969, at *1 (5th Cir. July 18, 2007).

### NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within ten days after being served a copy of this recommendation, may serve and file written objections to the

---

[6] Further, because the court concludes that Defendant is entitled to judgment as a matter of law, the court also does not reach Defendant's argument that Plaintiff failed to exhaust his administrative remedies.

6

recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

      THIS, the 30th day of July, 2008.

                                         s/ Michael T. Parker
                                         United States Magistrate Judge